UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOLDY RAYBON,<br><br>    Petitioner,<br><br>    v.<br><br>U.S. FEDERAL COURT,<br><br>    Respondent. | Case No.  23-cv-04141 EJD (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND; DENYING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*; DIRECTING PETITIONER TO PAY THE FILING FEE**<br><br>(Docket No. 2) |

    Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus in order to obtain a court date for a federal warrant. Dkt. No. 1. Petitioner filed a motion for leave to proceed in forma pauperis. Dkt. No. 5.

**DISCUSSION**

**A.**    **Legal Claims and Analysis**

    According to the petition, Petitioner is in state custody and is attempting to "clear up federal warrant." Dkt. No. 1 at 2. He pleaded nolo contendere to the charge of cruelty to animals in Sacramento Superior Court and sentenced on March 8, 2023. Id. He did not appeal the conviction. Id. at 5. He is currently housed at Valley State Prison in Chowchilla. Dkt. No. 12.

As grounds for relief, Petitioner states he would like to "get a court date for the federal warrant I have." Id. at 3. He indicates that he "[j]ust found out I had a warrant." Id. at 6. Petitioner is clearly not challenging his state conviction or sentence but seeking to clear up the matter of a federal warrant.

This petition is deficient because it is unclear what type of habeas challenge is being brought; Petitioner used a blank form provided by the Judicial Council of California. Dkt. No. 1 at 1. Federal courts have a duty to construe pro se petitions for writs of habeas corpus liberally. Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001). "Pro se habeas petitioners may not be held to the same technical standards as litigants represented by counsel." Corjasso v. Ayers, 278 F.3d 874, 878 (9th Cir. 2002) (holding that district court erred in rejecting petition for filing because petitioner used cover sheet from another judicial district, used white-out to cover up the name of that court, and wrote in pen the name of the court where he filed). Even so, there must be at least a minimum of sufficient allegations for the Court to liberally construe.

Because Petitioner is not challenging the lawfulness of his state custody, this petition is clearly not brought under 28 U.S.C. § 2254, which permits challenges by a person in custody pursuant to the judgment of a *State* court on the ground that he is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Furthermore, because it does not appear that Petitioner is under federal custody or has yet to be convicted of a federal crime, he has no claim under 28 U.S.C. § 2255, which authorizes a *federal* sentencing court to grant relief if it concludes that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

The last possible grounds for federal habeas jurisdiction is under 28 U.S.C. § 2241, which is a basis for a habeas petition based on numerous other grounds, including review of the execution of a federal sentence. See United States v. Giddings, 740 F.2d 770, 772 (9th Cir. 1984) (presentence time credit claim); Brown v. United States, 610 F.2d 672, 677

(9th Cir. 1980) (parole decision claim); see also Mills v. Taylor, 967 F.2d 1397, 1400 (9th Cir. 1992) (granting § 2241 petition alleging denial of presentence time credit). But for the same reason § 2255 does not apply, these grounds under § 2241 do not appear to apply.[1]

Lastly, Petitioner is advised that a federal writ of habeas corpus is only available to persons "in custody" at the time the petition is filed. See 28 U.S.C. §§ 2241(c), 2254(a); Carafas v. LaVallee, 391 U.S. 234, 238 (1968). This requirement is jurisdictional. Id. Section 2254(a) uses the term "in custody" twice, with two different requirements. Bailey v. Hill, 599 F.3d 976, 978 (9th Cir. 2010). The first usage (i.e., that the petition be filed "'in behalf of a person in custody'") requires that there be a restraint on the petitioner's liberty. Id. at 978-79. The second usage (i.e., that the application can be entertained "'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States'") requires "a nexus between the petitioner's claim and the unlawful nature of the custody." Id. at 979-80. For the second requirement to be satisfied, success on the claim must result in a change in the restraint on the petitioner's liberty. See id. at 980 (second custody requirement not satisfied for claim that counsel was ineffective in not objecting to restitution order because success might cause money award to be set aside but would not affect any restraint on petitioner's liberty). In other words, any success on his claim challenging a federal warrant must result in a change to his state custody for Petitioner to satisfy the "in custody" requirement. It is not readily apparent that this would be the case based on the sparse allegations in the petition, but Petitioner shall be granted an

---

[1] On the other hand, "[s]ection 2241 is also the proper basis for a habeas petition by a person in state custody who is not held "pursuant to the judgment of a State court," 28 U.S.C. § 2254, for instance a pretrial detainee, a prisoner awaiting extradition, or a prisoner whose conviction has been reversed on appeal. See Dominguez v. Kernan, 906 F.3d 1127, 1138 (9th Cir. 2018) (pretrial double jeopardy challenge); Hoyle v. Ada County, 501 F.3d 1053, 1058 (9th Cir. 2007) (same); Stow v. Murashige, 389 F.3d 880, 885-88 (9th Cir. 2004) (conviction reversed on appeal); White v. Lambert, 370 F.3d 1002, 1006 (9th Cir. 2004), overruled on other grounds by Hayward v. Marshall, 603 F.3d 546, 554 (9th Cir. 2010) (en banc) (listing "awaiting extradition" and pretrial detention as examples of when § 2241 applies); McNeely v. Blanas, 336 F.3d 822, 824 n.1 (9th Cir. 2003) (pretrial detainee); Bello-Reyes v. Gaynor, 985 F. 3d 696, 698-99 (9th Cir. 2021) (detainee awaiting removal proceedings). Because there are insufficient allegations in the petition, the Court cannot determine whether any of these grounds apply.

1  opportunity to show otherwise.  If Petitioner is attempting to challenge the federal warrant
2  and circumvent a subsequent federal criminal prosecution, then this habeas action is
3  simply premature.
4        Although it appears that Petitioner is not challenging the legality of his current state
5  custody and that a challenge to a federal conviction and sentence is premature, in the
6  interest of justice, Petitioner shall be granted one opportunity to file an amended federal
7  habeas petition under the appropriate statute that states a cognizable claim in accordance
8  with the above.  If Petitioner is unable to do so, this matter must be dismissed for failure to
9  state a cognizable claim for federal habeas relief.
10        In the amended petition, Petitioner must also clearly establish that this Court has
11  jurisdiction over his habeas action.  The federal habeas statute expressly limits the power
12  of district courts to grant habeas writs to "within their respective jurisdictions."  28 U.S.C.
13  § 2241(a).  "The plain language of the habeas statute thus confirms the general rule that for
14  core habeas petitions challenging present physical confinement, jurisdiction lies in only
15  one district: the district of confinement." Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004).
16  This district-of-confinement rule is a "bright-line rule" that does not contain any
17  exceptions other than the express statutory carveouts in 28 U.S.C §§ 2241(d) and 2255.  Id.
18  at 443, 449-50.  The Ninth Circuit has affirmed the application of the bright-line district-
19  of-confinement rule to habeas petitions challenging the fact or duration of a sentence under
20  § 2241.  See, e.g., Muth v. Fondren, 676 F.3d 815, 818 (9th Cir. 2012) ("§ 2241 petitions
21  must be filed in the district where the petitioner is confined"); Stephens v. Herrera, 464
22  F.3d 895, 897 (9th Cir. 2006) ("§ 2241 petition must be filed in the district where the
23  petitioner is in custody").  Here, Petitioner was convicted in Sacramento County and is
24  currently confined in Chowchilla, which is in Madera County.  Both these counties lie
25  within the jurisdiction of the United States District Court for the Eastern District of
26  California.  28 U.S.C. § 84(b).  Accordingly, if Petitioner's claim challenges the legality of
27  his current state custody, this matter must be transferred to the Eastern District as the
28  proper venue.  Otherwise, if Petitioner believes that venue for this action properly lies

within the Northern District, he must clearly state the legal basis for jurisdiction in the amended petition.

B. **Motion for Leave to Proceed *In Forma Pauperis***

Petitioner has filed a motion for leave to proceed in forma pauperis. Dkt. No. 5. The motion is DENIED because Petitioner has not shown an adequate level of poverty as the average monthly deposit in his account was $190.27 and the average monthly balance in his account was $346.26, for the six-months preceding the filing of this petition. Dkt. No. 9. Petitioner must pay the $5.00 filing fee in the time provided below or face dismissal of this action for failure to pay the filing fee.

# CONCLUSION

For the foregoing reasons and for good cause shown,

1. The petition is **DISMISSED with leave to file an amended petition** using the court's form petition. The amended petition must include the caption and civil case number used in this order, No. C 23-cv-04141 EJD (PR), and must include the words AMENDED PETITION on the first page. The amended petition shall be filed **no later than twenty-eight (28) days** from the date this order is filed.

Failure to file an amended petition in accordance with this order will result in the dismissal of this action without prejudice and without further notice to Petitioner.

**In the alternative,** Petitioner may file a notice of voluntary dismissal if he concludes he cannot state a cognizable habeas claim or that this action was filed prematurely.

2. Petitioner's motion for leave to proceed in forma pauperis is **DENIED**. Dkt. No. 2. **Within twenty-eight (28) days** of the date this order is filed, Petitioner must file proof of payment of the $5.00 filing fee or face dismissal of this action for failure to pay the filing fee.

3. The Clerk shall include two copies of the court's form petition with a copy of this order to Petitioner.

This order terminates Docket No. 2.

**IT IS SO ORDERED**.

Dated: December 1, 2023

EDWARD J. DAVILA
United States District Judge